UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROBERT LEE MILLER | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-52 |
| | ) | |
| SHERIFF JOHN HENSON; LAVERN | ) | |
| JULIAN, Investigator; TODD HAMM, | ) | |
| Investigator; AUDREY COVINGTON, | ) | |
| Investigator; JOHNNY BLANKENSHIP, | ) | |
| Investigator; and TOM SKEANS, Ex-Jailer | ) | |

## MEMORANDUM and ORDER

Seeking damages in the amount of twenty million dollars ($20,000,000.00), and the institution of criminal charges against the named defendants, plaintiff Robert Lee Miller, a prisoner formerly housed in the Carter County Detention Center ("CCDC"), brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. It appears from the application to proceed *in forma pauperis* submitted by plaintiff that he lacks sufficient financial resources to pay the required filing fee of $250.00. *See* 28 U.S.C. § 1914(a). The plaintiff is not relieved of the ultimate responsibility of paying the filing fee, and he, therefore, is **ASSESSED** the civil filing fee of $250.00 under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's

inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

> (a) twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account;
>
> or
>
> (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on February 28, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the plaintiff is housed, to ensure full compliance with the fee assessment procedures.

The complaint contains two categories of claims. In the first one, the plaintiff alleges that, because of his occupation as a bounty hunter, he asked for protective custody when he was booked into the CCDC, following his arrest on May 4, 2004; that defendant Lavern Julian, an investigator, responded that "they were going to

2

protect (the plaintiff) the same way (the plaintiff) protected Krystal Debuqe" and that he "hope[d] that (the plaintiff's) asshole looks like hers when they get done with you;" that defendant Julian, along with defendants Todd Hamm, and John Blankenship then put him in a cell block with the victim's cousin, remarking, "Here is the guy that killed Krystal;" and that, thereafter, he was assaulted and, later, was moved to the Johnson County Jail, without having been given any medical attention. He does not indicate that he sustained injury in the assault.

The plaintiff's second category of claims involves the following allegations. The plaintiff was confined for three days in "the hole," without running water, a bathroom, a mat, or blankets. He was not permitted to take bathroom breaks and had to urinate and defecate in a corner of the cell. Indeed, when he kicked on the door, wanting only to use the bathroom, defendant Thomas Skeans sprayed him with mace and threatened him with physical violence and a further spraying with mace if he continued his behavior.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies.[1] *See Brown v. Toombs*, 139 F.3d.1102, 1103-04 (6th Cir.),

---

[1] The statute reads: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative

*cert. denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate that he has exhausted those remedies. *See id.* at 1104. Even where money damages are unavailable through the prison grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001); *accord, Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

In the paragraph II of the complaint, the plaintiff indicates that the Johnson County Jail does not have a prisoner grievance procedure and that he did not present the facts relating to his complaint through the grievance procedure because "you are allowed to file a grievance inter jail only." He also maintains that he made a verbal complaint to the Jail Administrator and a written one to Sheriff Henson at the CCDC. In response to the verbal complaint, the Jail Administrator said, "You shouldn't be in my jail," and there was no response at all to the written complaint to the Sheriff.

However, the Court cannot conclude on the basis of the allegations concerning a grievance system at the Johnson County Jail that the plaintiff's claims with regard to his treatment in the CCDC have been administratively exhausted.

The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of

---

remedies as are available shall be exhausted." 28 U.S.C. § 1997e(a).

administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (citations omitted). Consequently, by failing to set out any specifics as to whether there is an institutional grievance system in the CCDC and as to the efforts, if any, he made to file a grievance and to utilize *that* facility's grievance procedure, the plaintiff has not satisfied § 1997e(a)'s requirement that he exhaust his administrative remedies. *See Shepard v. Wilkinson*, 2001 WL 1563934, *1 (6th Cir. Dec. 5, 2001) (finding that writing letters to jail officials, in lieu of utilizing an established grievance procedure, is insufficient to show exhaustion).

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

5

Case 2:05-cv-00052   Document 5   Filed 07/14/05   Page 5 of 5   PageID #: 5